# Exhibit A

FILED
2/5/2021 11:49 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

CAUSE NO. _____

| | | |
|---|---|---|
| **LAWRENCE WILLIAMS,** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 407th ___ JUDICIAL DISTRICT |
| | § | |
| **CHRIS W. DAVIAU and** | § | |
| **A1A TRANSPORT INC.,** | § | |
| | § | |
| *Defendants*. | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCLOSURES**

Plaintiff Lawrence Williams, (hereinafter, "Plaintiff"), complains of Defendants Chris W. Daviau and A1A Transport Inc. (hereinafter, "Defendants"), and would respectfully show the Court that:

**Discovery Control Plan**

1. Plaintiffs intend to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

**Jurisdiction and Venue**

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

**Statement Regarding Monetary Relief Sought**

3. Pursuant to Texas Rule of Civil Procedure 169(a), Plaintiff seeks monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs to which Plaintiff is justly entitled.

4. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

5.

**Parties**

6. Plaintiff Lawrence Williams is an individual residing in El Paso County, Texas.

7. Defendant Chris W. Daviau (hereinafter "Chris") is an individual residing in Worcester County, Massachusetts. Defendant may be served at his residence at Six 4th Street, Brookfield, Massachusetts 01506, or wherever he may be found.

8. Defendant A1A Transport Inc. (hereinafter "A1A") is a company organized under the laws of the State of Oregon. Defendant has failed to appoint or does not maintain a registered agent in Texas. Pursuant to section 5.251(1)(A) of the Texas Business Organization Code, service may be effected upon Defendant by serving the Secretary of State of Texas – Service of Process via Certified Mail to P.O. Box 12079, Austin, Texas 78711-2079. Plaintiff has requested the Secretary of State forward the citation to Defendant's Oregon Registered Agent, Larisa Mironova, at 1495 Saginaw Street S, Salem, Oregon 97302.

**Facts**

9. This lawsuit is necessary as a result of the personal injuries that Plaintiff suffered on or about June 11, 2019 in a parking lot at 1110 Ackerman Road, San Antonio, Bexar County, Texas. Plaintiff had his tractor trailer parked in the parking lot, and was standing up in the sleeper area of his tractor. Suddenly and without warning, Defendant collided with Plaintiff's vehicle. The collision caused Plaintiff to be thrown forward in the cab and strike the dash and shifter area, leaving him unconscious. As a result, Plaintiff suffered serious and permanent injuries.

10. Defendant Chris's aforementioned conduct constitutes negligence and/or negligence *per se* for one or more of the following reasons:

    a. Failed to control vehicle's speed;

    b. Failed to operate the vehicle safely;

  c. Failed to keep a proper lookout;

  d. Failed to timely apply brakes;

  e. Failed to maintain a safe distance;

  f. Violated applicable local, state, and federal laws and/or regulations, including but not limited to §§ 545.062, 545.351, 545.154, 544.007; of the TEX. TRANS. CODE; and/or

  g. Other acts so deemed negligent.

11. At the time of the incident in question, Defendant Chris was driving a tractor and trailer owned by Defendant A1A. At all times material hereto, Defendant Chris was operating the vehicle in the course and scope of his employment with Defendant A1A. As such, Defendant A1A is vicariously liable for Defendant Chris's negligent acts and omissions under the doctrine of *respondeat superior*. Plaintiff further pleads that Defendant A1A was negligent and/or negligent *per se* for one or more of the following reasons.

  a. Negligently entrusted a motor vehicle to an incompetent driver;

  b. Negligently hired and/or retained employees;

  c. Negligently trained and/or supervised employees;

  d. Failed to maintain the vehicle in a reasonably safe condition;

  e. Violated applicable, local, state and federal laws and/or regulations;

  f. Other acts so deemed negligent.

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

## **Damages**

13. By virtue of the actions and conduct of the Defendants set forth above, Plaintiff is seriously injured and is entitled to recover the following damages:

  a. Past and future medical expenses;

  b.  Past and future pain, suffering and mental anguish;

  c.  Past and future physical impairment;

  d.  Past and future physical disfigurement; and

  e.  Past lost wages and future loss of earning capacity; and

14. By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre- and post-judgment interest.

## Initial Disclosures

15. Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendants disclose, within 30 days after the filing of the first answer, the information or materials described in Texas Rule of Civil Procedure 194.2(1)-(12).

## Rule 193.7 Notice

16. Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Jury Demand

17. Plaintiff hereby demands a trial by jury.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have a judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court and all such other and further relief to which he may be justly entitled.

*[Signature block on next page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Daniel E. Perez*
Daniel E. Perez
Texas State Bar No. 24092958
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 3223-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5